

SR/GPB: USAO 2012R00228



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2012 JUN -5  A 11: 20

CLERK'S OFFICE
AT GREENBELT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** KC    DEPUTY |
| | * | RWT 12 CR 0309 |
| **AVA RAMEY,** | * | **(Embezzlement from a Labor Union,** |
| | * | **29 U.S.C. § 501; Forfeiture, 18 U.S.C.** |
| **Defendant** | * | **§ 981(a)(1)(C); 28 U.S.C. § 2461(c))** |
| | * | |
| | * | |

\*\*\*\*\*\*\*

## INFORMATION

## COUNT ONE

The United States Attorney for the District of Maryland charges that:

Between in or about December 2005 and in or about October 2009, in the District of

Maryland and elsewhere, the defendant,

## AVA RAMEY,

did embezzle, steal, and unlawfully and willfully abstract and convert to her own use, and the use

of another, any of the moneys, funds, securities, property, and other assets of United Government

Security Officers of America, Local 21, based in Bowie, Maryland, a labor organization that was

engaged in commerce, of which she was an officer, and by which she was employed, directly and

indirectly.

29 U.S.C. § 501(c)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further charges that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction on Count One of this Information.

2.      As a result of the offense set forth in Count One of this Information, the defendant,

### AVA RAMEY,

shall forfeit to the United States of America all property, real and personal, (a) which was used or intended to be used to commit the offense, or (b) which constitutes and is derived from proceeds traceable to the offense.

3.      The property to be forfeited includes, but is not limited to, a sum of money equal to the value of the proceeds of the charged offense, which amount is at least **$379,000**.

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

*Rod J. Rosenstein / SR*

Rod J. Rosenstein
United States Attorney

Date:  June 5, 2012